# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PARK, <br><br> Plaintiff, <br><br> vs. <br><br> WEBLOYALTY.COM, INC., <br><br> Defendant. | CASE NO. 12cv1380-LAB (JMA) <br><br> **ORDER DISMISSING COMPLAINT FOR FAILURE TO PLEAD JURISDICTIONAL FACTS; AND** <br><br> **ORDER DENYING AS MOOT MOTION TO DISMISS** <br><br> [DOCKET NUMBER 13.] |

Plaintiff Kevin Park filed this putative class action, seeking remedies under California's Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as well as the Connecticut Unfair Trade Practices Act (CUTP). The claim arises from Defendant Webloyalty.com, Inc.'s alleged use of the "data pass" process, in which Park and others were misled into allowing charges to be placed on their credit cards. Webloyalty moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

In the course of reviewing the briefing, however, serious questions about the Court's jurisdiction to adjudicate Park's claims arose, and the Court is obligated to address those before considering the merits. Although neither party raised the question of subject matter jurisdiction, the Court is bound to do so, *sua sponte*, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

**Diversity**

Fed. R. Civ. P. 8(a)(1) requires that the complaint include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Here, the complaint relies on diversity jurisdiction under the Class Action Fairness Act (CAFA), and alleges that Park is a resident of California and Webloyalty is a Delaware corporation with its principal place of business in California.

Although the complaint alleges that "numerous class members are citizens of a state different from Webloyalty" and seeks to certify a nationwide class, no one else's citizenship is alleged. Normally, the party invoking the Court's jurisdiction is required to plead the citizenship of parties, sufficiently to show that diversity exists. *See Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Merely pleading the conclusion that parties are citizens of different states is generally insufficient. *See Valdez v. Asset Acceptance, LLC*, 2012 WL 2905715, at *2 (S.D.Cal., July 16, 2012) (pleading that class certification would "result in at least one class member belonging to a different state than that of Defendant[ ]" was insufficient to satisfy pleading requirements). Additionally complicating the analysis is the uncertainty (discussed below) of which state's or states' laws govern this action, and whether there are any class members outside of California. *See Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D.Cal., Feb. 3, 2011) (allegation that at least one class member would be diverse from defendant was undercut by limitation of class to California citizens).

While it seems likely Park can plead facts to establish diversity, it is for him to do so, not the Court. *See Assoc. Gen'l Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [the plaintiff] can prove facts that it has not alleged . . . .") Park's failure to plead facts establishing diversity requires that the complaint be dismissed without regard to the merits.

**Nature of the Class and Class Claims**

Another issue that neither party raised but that requires clarification is why Connecticut law applies to any claim here, either Park's or the putative class members'.

Neither the complaint nor the briefing explains this. The only time Connecticut is ever mentioned is when identifying this law or citing cases from Connecticut, as the location where a declaration in support of the motion to dismiss was signed (Pipkin Affidavit in Supp. of Mot. to Dismiss), and as a mailing address Webloyalty used on a web page. (Mot. to Dismiss, Ex. D.) It may be that counsel, having litigated against each other before, understand the nexus between Parks' claims and Connecticut. But Park needs to plead facts in the complaint showing why that law applies here, so that the Court can meaningfully evaluate this claim, as well as make determinations regarding its exercise of jurisdiction under CAFA. At some point, the Court will also be required to determine whether Park is an adequate class representative, which he cannot be if he has no claim under Connecticut law.

Although the complaint purports to name a nationwide class (Compl., ¶ 18), it is open to question whether class members who were not injured in California and did not reside in California can avail themselves of California's consumer protection laws. *See Northwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 226–27 (Cal. App. 4 Dist. 1999) (citing *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App.3d 605, 613 (Cal. App. 4 Dist. 1987)). It is possible they can, if the offending conduct occurred in California, but the presence of Webloyalty's offices in California does not by itself show that. *See Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1064 (1999) (under *Clothesrigger*, California law could be applied "to out-of-state parties harmed by wrongful conduct occurring in California"). The same concerns probably apply to Connecticut as well, assuming its laws are applicable to Park's claims.

In short, there is considerable confusion about who the putative class members are, where they are located, and what states' laws governs their claims. Under 28 U.S.C. § 1332(d), the Court may, or in some cases must, decline jurisdiction. In view of the confused state of the pleadings, the Court cannot do that. The Court realizes that specific information about the makeup of the class (how many members live in which states, etc.) is probably unavailable at the pre-discovery stage, but Park must make enough allegations that would allow the Court to make a meaningful evaluation of its jurisdiction.

**Standing**

In the course of reviewing the authority cited in the briefing, the Court discovered that one of the local decisions cited by both parties, *Berry v. Webloyalty.com, Inc.*, 2011 WL 1375665 (S.D.Cal., Apr. 11, 2011) (Huff, J.) was vacated and remanded by the Ninth Circuit for lack of standing. *See* ___ Fed. Appx. ___, 2013 WL 1767718 (9th Cir. Apr. 25, 2013). The Court is aware that counsel commonly neglect to inform the Court of new adverse authority, but counsel are reminded it is important to inform the Court if authority they rely on has been overruled, even if it is overruled after briefing is complete.[1] In this case, the Ninth Circuit's ruling potentially affects jurisdiction. In *Berry*, the Ninth Circuit noted that, while Webloyalty had charged Berry $36.00, it also fully compensated him for that charge. Therefore, Berry had suffered no cognizable injury and lacked Article III standing, and subject matter jurisdiction was absent. 2013 WL 1767718, at *1.

Here, the complaint merely says Park noted unauthorized charges on his credit card, and called Webloyalty to stop the charges and cancel his membership. (Compl., ¶ 17.) It doesn't say whether the money Park paid was refunded. Bearing in mind the time frame at issue—his membership ran for almost two years—it seems unlikely Webloyalty would have refunded the full amount. But *Berry* makes clear this is a jurisdictional issue, and it is up to Park to allege facts showing he suffered a cognizable injury. The class must also be limited to those who suffered cognizable injuries.

**Dismissal Required**

The questions concerning diversity and standing are quite likely to be resolved in favor of the Court's exercise of jurisdiction. Faced with minor jurisdictional questions, the Court's usual practice would be to dismiss, as is formally required, but give the plaintiff some guidance about issues to address in the amended complaint, so as to save an additional round of briefing and amendment. Here, however, the lack of clarity about the factors the

---

[1] Counsel on both sides of this case were also counsel in *Berry*, and knew of the Ninth Circuit's vacatur. It is evident they know about the practice of filing notices of newly-available authority, because Webloyalty filed such a notice (about a different decision) in this case after briefing was complete.

Court is required to consider under 28 U.S.C. § 1332(d) is not merely a hypothetical or phantom issue. Rather, there is considerable doubt about the Court's jurisdiction. For example, it is entirely possible the class consists mostly of California residents, and jurisdiction must be declined under § 1332(d)(4). It is also possible the "class" is really two classes, one suing under California law and one suing under Connecticut law, and Park cannot represent both. It is also possible that there can be no nationwide class, and that the amended complaint names a class bringing claims of less than the threshold $5 million. At this point, it is impossible even to make a preliminary assessment.

What is clear is that the Court must address these serious jurisdictional issues at the outset, even if the parties would rather have a ruling on the merits. *See Rivera v. R.R. Retirement Bd.*, 262 F.3d 1005, 1008 (9th Cir. 2001) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) ("The Supreme Court has instructed lower courts to resolve jurisdictional issues before reaching the merits of a case.") In light of the outcome of *Berry*, that admonition carries special weight here.

The complaint is therefore **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. No later than **September 30, 2013**, Park may file an amended complaint correcting the defects this order identifies. If he realizes he cannot successfully amend, he should file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). If Park does not amend within the time permitted, this action will be dismissed without prejudice but without leave to amend.

The Court is aware that the parties have put a good deal of effort and resources into briefing the motion to dismiss, but assuming Park successfully amends, they will be able to reuse most of their work. The motion to dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: August 28, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge