# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KEVIN PARK, | CASE NO. 12cv1380-LAB (JMA) |
|---|---|
| Plaintiff, | **ORDER SUMMARILY DENYING MOTION TO DISMISS** |
| vs. | |
| WEBLOYALTY.COM, INC., | |
| Defendant. | |

The Court dismissed the complaint on June 22, 2015, relying in part on Plaintiff Kevin Park's admission that some of the charges had been refunded. The Court reasoned that, to the extent Park's claims arose from refunded charges, his claims were moot. (Docket no. 42 at 3:26–4:5.) On appeal, the Ninth Circuit reversed and reinstated Park's claims. Because neither party had drawn the panel's attention to the refund issue and the jurisdictional problem it presented, the Court itself sent the panel a letter pointing it out, as provided by Ninth Circuit General Order 12.10. The letter was docketed as item number 53 in the case on appeal, 15-56079, *Park v. Webloyalty.com, Inc.*, and a copy of the letter is appended to this order as an exhibit. The Court's remarks about the effect of a refund and the jurisdictional problem are covered in the full paragraph at the bottom of page one of the letter:

/ / /

/ / /

> Both the second and third amended complaints included claims arising from charges that had been refunded, and the EFTA claims arising from those were dismissed for failure to invoke the Court's jurisdiction. Order of Dismissal at 3:27–4:6. Claims by members of the putative class were also dismissed, in part, for lack of jurisdiction. *Id.* at 9:1–8. The effect of reversing the dismissal of these claims, Memorandum at 6, will be that those claims cannot be dismissed a second time on the same grounds, even if jurisdiction is lacking. To the extent Park's claims arise from refunded charges, this creates a conflict with the decision in *Berry v. Webloyalty.com, Inc.*, 517 Fed. Appx. 581 (9th Cir. 2013) (holding that refunded charges did not amount to an injury in fact).

After the letter was docketed, the panel made no changes to its order, but instead issued its mandate and remanded.

After remand, Park filed an amended complaint and Webloyalty moved to dismiss claims premised on charges that were fully refunded. Webloyalty's motion focuses on Park's claims under the Restore Online Shopper's Confidence Act (ROSCA), and presents evidence showing that all of Park's charges were refunded.

If this motion had been filed before appeal, the Court would have required Park to respond, and the burden would have fallen on him to show that the Court could exercise jurisdiction over his claims, in accordance with well-established law. In particular, Park would have been required to show that his claims were not refunded as Webloyalty claims. But the Ninth Circuit's decision in this case forecloses that option, as it is "law of the case". *See Vizcaino v. United States District Court*, 173 F.3d 713, 719 (9th Cir. 1999) ("When acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case[.]")

Webloyalty argues that the panel did not actually decide the jurisdictional question, pointing out that neither party argued it and that the panel's decision did not mention it. But the Ninth Circuit, like all other federal courts, has a continuing obligation to consider jurisdictional questions *sua sponte*, whenever any doubt arises. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998); *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). This includes the jurisdictional doctrine of mootness. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). The panel was fully aware that Park conceded some of the charges against him had been refunded, and that this Court had

determined that claims arising from those charges were moot. Nevertheless, the panel reversed, holding those claims should not have been dismissed. The necessary implication of this decision is that claims arising from refunded charges were not moot. *See Snow-Erlin v. United States*, 470 F.3d 804, 807 (9th Cir. 2006) (holding issues decided by an appellate court either explicitly or by necessary implication are law of the case and are binding on a trial court after remand). Embracing Webloyalty's argument would require the Court to assume the Ninth Circuit ignored a jurisdictional defect that had been squarely brought to its attention. The Court can't do this.

While there are some slight differences between the earlier issues and the one Webloyalty now raises, there are no meaningful distinctions. The Court's earlier ruling concerned a partial rather than a full refund (and thus a partial rather than a full dismissal), addressed claims brought under a different statute, and decided the issue on the pleadings rather than on the basis of evidence. But none of those distinguish the issue Webloyalty now raises from the one that was before the panel. Constitutional limitations on the Court's power apply with equal force regardless of whether they apply to part of a claim rather than the whole claim, what statutory provision the claim arises under, and what stage the litigation is at. *See Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002) (jurisdiction requires that an actual controversy exist at all stages of litigation).

To be clear, the Court acknowledges Webloyalty's position that the panel's decision in this case is at odds not only with *Berry v. Webloyalty*, but also with *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195 (9th Cir. 2016) (holding that plaintiff bringing state-law consumer claims lacked Article III standing because the money she paid had been refunded). Nevertheless, the Court here is bound by the law of the case doctrine and lacks authority to circumvent the Ninth Circuit's decision.

Webloyalty's motion is **SUMMARILY DENIED**.

/ / /

/ / /

/ / /

This ruling is not intended as a prediction of how the Court might rule on other issues such as class certification, Park's appointment as class representative, or any other issue not raised in Webloyalty's motion.

**IT IS SO ORDERED.**
Dated: 9.22.17

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

**United States District Court**
Southern District of California
333 West Broadway, Suite 1410
San Diego, California 92101

Chambers of
**Larry Alan Burns**
U.S. District Judge

April 5, 2017

Phone: (619) 557-5874
Fax: (619) 702-9936

Molly Dwyer
Clerk of Court - Ninth Circuit Court of Appeals
Post Office Box 193939
San Francisco, CA 94119-3939

    Re:    *Park v. Webloyalty.com, Inc.*
            USCA Case No. 15-56079

Dear Ms. Dwyer:

    Please be advised that I am aware of an apparent mistake in the memorandum decision by the Court of Appeals in *Park v. Webloyalty.com, Inc.*, 15-56079 filed July 10, 2015 involving an appeal from my court.

    The decision appears to be reviewing not the final order of dismissal issued June 22, 2015, but an earlier, non-final order of dismissal of the complaint without prejudice issued September 19, 2014. Memorandum at 4–5 (citing non-final order); 6 (reversing dismissal but vacating final order). Under 28 U.S.C. § 1291 an order contemplating further amendment is ordinarily unreviewable. *See Cooper v. Ramos*, 704 F.3d 772, 776–77 (9th Cir. 2008); *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135–37 (9th Cir. 1997) (en banc). Non-final rulings are subject to amendment or reconsideration at any time before final judgment is entered. The final order of dismissal did that, relying on new briefing Park filed, which included new representations and concessions. The final order also made corrections and clarifications, and added both new and different analysis, and new grounds for dismissal.

    Among the changes was omission of a sentence from the earlier order's factual summary that the panel inquired about at oral argument. *Compare* Order Granting in Part Motion to Dismiss at 1:24–26 *and* Order of Dismissal at 2:26–3:3 (amended factual summary).

    Both the second and third amended complaints included claims arising from charges that had been refunded, and the EFTA claims arising from those were dismissed for failure to invoke the Court's jurisdiction. Order of Dismissal at 3:27–4:6. Claims by members of the putative class were also dismissed, in part, for lack of jurisdiction. *Id.* at 9:1–8. The effect of reversing the dismissal of these claims, Memorandum at 6, will be that those claims cannot be dismissed a second time on the same grounds, even if jurisdiction is lacking. To the extent Park's claims arise from refunded charges, this creates a conflict with the decision in *Berry v. Webloyalty.com, Inc.*, 517 Fed. Appx. 581 (9th Cir. 2013) (holding that refunded charges did not amount to an injury in fact).

I bring this to your attention pursuant to General Order 12.10 because I have reason to believe that the affected parties may not point out the mistake and that justice will be disserved if the mistake is not corrected.

Thank you for your attention to this matter.

Very truly yours,

Larry Alan Burns
United States District Judge

cc: James Patterson, Counsel for Plaintiff
Aaron Shawn Thompson, Counsel for Defendant